UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL OUTLEY, | ) | |
| | ) | |
| Plaintiff, | ) | 17 C 8633 |
| | ) | |
| vs. | ) | Judge Gary Feinerman |
| | ) | |
| THE CITY OF CHICAGO and ROBERT MUSSEN, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff moves the court to take judicial notice of certain documents. Doc. 305. The motion is denied.

**Background**

The court set out much of the pertinent procedural history in its September 16 order, Doc. 308 at 1-3, and on the record at the September 20 hearing, Docs. 315-316. Familiarity with that history is assumed.

On September 6, the court denied Plaintiff's motion for leave to file *instanter* twenty motions *in limine*, which Plaintiff filed four weeks after the motion *in limine* deadline and over four weeks after Plaintiff's counsel, Calvita Frederick, had informed Defendants' counsel that Plaintiff would not be filing his own motions *in limine*. Docs. 294, 298; Doc. 308 at 1-2. On September 7, at the final pretrial conference, the court ruled that Plaintiff would be limited at trial to using exhibits that were (a) identified in the final pretrial order timely filed by Defendants or (b) the subject of Defendants' timely filed motions *in limine*. Doc. 303 at 3-12. That ruling was and remains correct for the reasons articulated by the court at the final pretrial conference, in the court's September 16 order, Doc. 308, and at the September 20 hearing, Docs. 315-316. Those reasons include, among others, Attorney Frederick's wholly unjustified abdication of her

1

responsibility to collaborate with Defendants' counsel in preparing a joint final pretrial order. As the court explained, *e.g.*, Doc. 316 at 6-18, Attorney Frederick's failures prejudiced Defendants and greatly prejudiced the court. (Plaintiff also filed two untimely and improperly unilateral pretrial orders: one on September 1, Doc. 295, and the second on September 7, Doc. 301. For ease of exposition, the court focuses on the September 1 filing.)

On September 15—eight days after the court's rulings at the final pretrial conference and eight days before trial was set to begin—Plaintiff filed the present motion, which asks the court take "judicial notice" of twenty exhibits, including one "composite" exhibit comprised of six newspaper articles. Doc. 305. Most of those exhibits—all but Exhibits B, C, D, E, and F (which are excerpts from various judicial decisions) and L (a right-to-sue letter)—were enumerated in or encompassed by Plaintiff's untimely motions *in limine* and/or the exhibit list in Plaintiff's untimely, unilateral final pretrial order. *Compare* Doc. 305 at 1-3 (motion for judicial notice), *with* Doc. 294-1 at 4-10 (motions *in limine*) *and* Doc. 295 at 6-8 (final pretrial order). Because the court did not allow the filing of Plaintiff's motions *in limine* and rejected his unilateral final pretrial order, Plaintiff's motion for judicial notice represents his second or third attempt to secure admission at trial of most of the documents discussed therein.

On page 40 of the present motion, Plaintiff "respectfully request[ed] that this Court issue a Final Written Order on []his Motion for Judicial Notice as soon as practicable but not later that Tuesday, September 20, 2022." Doc. 305 at 40. At the September 20 hearing—which was held on Plaintiff's motion to stay proceedings pending the resolution of a purportedly forthcoming declaratory judgment action against the undersigned judge, Doc. 309—Attorney Frederick repeatedly suggested that the court had unduly delayed its ruling on the present motion. *E.g.*, Doc. 316 at 35 ("I'm not the only person that is not timely. We should know how to go into trial.

2

We should know what you're taking judicial notice of and what you're not."); *id*. at 33-34 ("[Y]ou don't have an option, you're required to take judicial notice of certain facts.  And when you refuse to do so or you refuse to do so in a timely manner so that we know what's on the table for trial, then that's a violation of my client's right to be ready to prepare and have a fair and impartial hearing. … For this Court to suggest that there's something that they need to review as to whether they're going to take judicial notice of [a specific] case, I'm appalled.  I really don't understand why that's not something that's a simple ruling and why this Court believes that they are not required … by both the federal rules and the local rules to take judicial notice.  We just want a yea or nay.").  Yet the motion was not filed until September 15—more than a week after the final pretrial conference—and was not fully briefed until 2:08 p.m. on September 20, Doc. 314, less than one hour before that day's hearing commenced, Doc. 316 at 2.  Attorney Frederick cannot reasonably have expected the court to have ruled on the motion between the time it became fully briefed and the commencement of the September 20 hearing.  And Attorney Frederick's unreasonable and intemperate accusations of undue delay on the court's part are, to put it mildly, ironic given her many unexcused and flagrant failures to meet deadlines and comply with pertinent rules.  Had Attorney Frederick met deadlines and complied with the rules—instead of ignoring key obligations in August, including during three weeks stateside in which she failed to send Defendants' counsel Plaintiff's proposed exhibits, witnesses, and jury instructions, after which she decamped for a ten (or-so)-day trip to Portugal—she could have avoided the current fire drill she has imposed on Defendants, the court, and its staff.

## Discussion

Plaintiff argues that Evidence Rule 201 requires the court to take judicial notice of the exhibits attached to and discussed in his motion.  Rule 201 applies only to "adjudicative fact[s]," and provides that "[t]he court may judicially notice a fact that is not subject to reasonable dispute

3

because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(a)-(b). "The court may take judicial notice at any stage of the proceeding," and "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(d), (c)(2). "In a civil case, the court must instruct the jury to accept the noticed fact as conclusive." Fed. R. Evid. 201(f).

"Judicial notice is a powerful tool that must be used with caution." *Daniel v. Cook Cnty.*, 833 F.3d 728, 742 (7th Cir. 2016). Because judicial notice "is an adjudicative device that substitutes the acceptance of a universal truth for the conventional method of introducing evidence," it "merits the traditional caution it is given, and courts should strictly adhere to the criteria established by the Federal Rules of Evidence before taking judicial notice of pertinent facts." *Gen. Elec. Cap. Corp. v. Lease Resol. Corp.*, 128 F.3d 1074, 1081 (7th Cir. 1997).

Moreover, Evidence Rule 201 does not operate in a vacuum, meaning that it does not operate as a magic wand that cures inadmissibility under other Evidence Rules. As one court put it: "Rule 201 does, indeed, say that judicial notice is 'mandatory' when a party requests it and supplies the necessary supporting information. But facts subject to judicial notice are not exempt from analysis under the other rules of evidence." *Sunstar, Inc. v. Alberto-Culver Co.*, 2006 WL 6505615, at *3 (N.D. Ill. Nov. 16, 2006) (citation omitted). And as Judge Easterbrook explained in an in-chambers opinion: "The fact that a document is in a state court's record does not make it an appropriate subject of [judicial] notice, however, because its provenance may be disputed. Is it authentic? See [Evidence] Rules 901 to 903. … Is it the original, or perhaps a duplicate admissible under Rule 1003? Is the document even relevant? See Rule 402." *In re Lisse*, 905 F.3d 495, 496-97 (7th Cir. 2018) (Easterbrook, J., in chambers). To take another example,

although the fact of a witness's criminal conviction may be susceptible in theory to judicial notice, whether judicial notice ought to be taken of a particular conviction at trial of course remains subject to Evidence Rule 609.

Nor is judicial notice a magic wand that cures violations of disclosure provisions in the Civil Rules. *See AGA & Titan Inc. v. United Specialty Ins. Co.*, 2022 WL 3573918, at *2 (C.D. Cal. Apr. 6, 2022) ("Plaintiff may not use judicial notice to circumvent the rules governing discovery and use of evidence at trial. *See* Fed. R. Civ. P. 37(c)(1)."). Pertinent here, Civil Rule 26(a)(3)(A)(iii) requires a party to "provide to the other parties and promptly file" certain "information about the evidence that it may present at trial other than solely for impeachment," including "an identification of each document or other exhibit, including summaries of other evidence—separately identifying those items the party expects to offer and those it may offer if the need arises." Fed. R. Civ. P. 26(a)(3)(A)(iii). "Unless the court orders otherwise, these disclosures must be made at least 30 days before trial." Fed. R. Civ. P. 26(a)(3)(B). And "[w]ithin 14 days [of the proponent making those disclosures] … , unless the court sets a different time," the other party must serve and file "any objection, together with the grounds for it, that may be made to the admissibility of materials identified under Rule 26(a)(3)(A)(iii)." *Ibid*. In this District, parties comply with Civil Rule 26(a)(3)(A)(iii) and (B) by collaborating in the preparation and filing a final pretrial order under Local Rule 16.1. *See* L.R. 16.1(6), (10)(a)-(b). Back in February 2022, the court ordered the parties to file the final pretrial order by August 31. Doc. 279. As the court recounted in detail at the September 20 hearing, the parties in early August agreed to a procedure and timeline for preparing their joint final pretrial order, but Attorney Frederick knowingly and intentionally declined to follow through, making the filing of a proper joint final pretrial order impossible. Doc. 316 at 8-13; *see also* Doc. 293 at 2 (at

about 11:00 p.m. on August 31, stating that "the prosecution team would prefer to wait until the Court has ruled on the MILs before completing the preparation of the Joint Pre-Trail [sic] Order"). When a party fails to make the disclosures required by Civil Rule 26(a)(3), "the party is not allowed to use that information … to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The proponent of the evidence bears the burden of making this showing. *See Salgado by Salgado v. Gen. Motors Corp.*, 150 F.3d 735, 742 (7th Cir. 1998). Absent such a showing, "[t]he sanction of exclusion is … automatic and mandatory." *Finley v. Marathon Oil Co.*, 75 F.3d 1225, 1230 (7th Cir. 1996).

Finally, "[t]he doctrine of judicial notice is not a utility parties may use to flout court rules and introduce evidence that otherwise may not be presented at trial." *AGA & Titan Inc.*, 2022 WL 3573918, at *2. Local Rule 16.1(6) requires parties to collaborate in preparing and filing a pretrial order, including so that they can discuss any disputes regarding exhibits. Doc. 308 at 2; Doc. 316 at 18-21. And the parties' final pretrial order must include a schedule of exhibits indicating which exhibits are offered without objection and which are offered with objection, and for those offered with objection, the grounds for the objection and the proponent's response. *See* L.R. 16.1(10)(b). The local rules further provide that "[i]tems not listed" on that schedule "will not be admitted unless good cause is shown." Form L.R. 16.1.1(2)(c) & n.5; *see* L.R. 16.1(6)(d) ("All instructions and footnotes contained within the Final Pretrial Order form promulgated with this Standing Order must be followed. They will be binding on the parties at trial in the same manner as though repeated in the Order.").

\* \* \*

Plaintiff's motion for judicial notice is denied for three separate and independent reasons, each of which, standing on its own, would justify denial.

*First*, Plaintiff violated Local Rule 16.1. Due to Attorney Frederick's knowing, willful, and wholly unjustified failure to comply with her Local Rule 16.1(6) obligation to collaborate in the preparation of a joint final pretrial order, Plaintiff's exhibits were not listed in a properly filed final pretrial order. And because Plaintiff's exhibits were not listed in a properly filed final pretrial order, those exhibits are not to be "admitted unless good cause is shown." Form L.R. 16.1.1(2)(c) & n.5; *see* L.R. 16.1(6)(d). Plaintiff does not even acknowledge the "good cause" standard, let alone explain how he satisfied it. *See Escobar v. Holder*, 657 F.3d 537, 548 (7th Cir. 2011) ("[T]he government did not argue this and so this point is forfeited."). In any event, Plaintiff could not possibly meet the good cause standard. *Cf. O'Sullivan v. City of Chicago*, 2007 WL 671040, at *10 (N.D. Ill. Mar. 1, 2007). As explained, Plaintiff's failure to have his exhibits listed on a properly filed final pretrial order resulted from Attorney Frederick's knowing and intentional flouting of Local Rule 16.1 and disregard for the parties' agreed-upon schedule for jointly preparing the final pretrial order. Doc. 293 at 2 (late in the evening of August 31, stating that "the prosecution team would prefer to wait until the Court has ruled on the MILs before completing the preparation of the Joint Pre-Trail [sic] Order"); Doc. 316 at 6-23 (describing in detail the timing and substance of Attorney Frederick's failures concerning the final pretrial order). And, as shown above, a party cannot invoke Evidence Rule 201 to circumvent compliance, or excuse noncompliance, with court rules. *See AGA & Titan Inc.*, 2022 WL 3573918, at *2.

*Second*, Plaintiff violated Civil Rule 26(a)(3)(A)(iii), and that violation is not excusable under Civil Rule 37(c)(1). Even if the exhibits for which Plaintiff seeks judicial notice were produced by some party during discovery, Doc. 286 at 8; Doc. 305 at 34 n.1; Doc 306-21 at 1, Rule 26(a)(3)(A) requires pretrial disclosures "*[i]n addition to* the disclosures required by

7

Rule 26(a)(1) and (2)." Fed. R. Civ. P. 26(a)(3)(A) (emphasis added). Accordingly, when a party fails to comply with Rule 26(a)(3)(A)(iii), it is no answer to say that the evidence was produced during discovery. Holding otherwise would render Rule 26(a)(3)(A)(iii) a nullity. Given Plaintiff's failure to timely comply with Rule 26(a)(3)(A)(iii), Rule 37(c)(1) precludes him from using tardily disclosed evidence at trial unless his "failure was substantially justified or is harmless." "The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court." *Mid-Am. Tablewares, Inc. v. Mogi Trading Co.*, 100 F.3d 1353, 1363 (7th Cir. 1996).

Plaintiff's motion does not explicitly argue that his failure to comply with Rule 26(a)(3)(A)(iii) was substantially justified, so any such argument is forfeited. *See Escobar*, 657 F.3d at 548. Even setting aside forfeiture, Plaintiff could not show substantial justification under Rule 37(c)(1) for the same reason he cannot show good cause under Local Rule Form 16.1.1(2)(c) & n.5.

Plaintiff does insist—albeit without referencing Rule 37(c)(1)—that Defendants have not been prejudiced by his late disclosures. The Seventh Circuit "ha[s] indicated several factors that a district court should consider in deciding whether non-compliance with Rule 26(a) is harmless: (1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *Tribble v. Evangelides*, 670 F.3d 753, 760 (7th Cir. 2012), *as amended* (Feb. 2, 2012). These factors weigh heavily against Plaintiff.

As to the first factor, Plaintiff argues that Defendants are not prejudiced because they were or should have been aware of the exhibits of which he now seeks judicial notice. *E.g.*,

8

Doc. 305 at 34 n.1. But Defendants' awareness of the exhibits does not end the prejudice analysis. On September 7, the court ruled that Plaintiff could introduce at trial only those exhibits identified in Defendants' properly filed final pretrial order or referenced in Defendants' timely filed motions *in limine*. Doc. 303 at 10-11. Defendants spent the next week preparing for trial (set to begin on September 23) under that assumption. The present motion, which Plaintiff did not file until September 15, not only raised the possibility of an expanded universe of exhibits just days before trial, but also required Defendants to devote time researching and briefing arguments in opposition to the motion—time that came at the expense of trial preparation. Doc. 316 at 50 ("I think there's just been repeat examples of Ms. Frederick missing deadlines and then creating a bunch -- a flurry of extra work when she files these sorts of things after the fact, like this 42-page motion that we had to take time off from prepping our witnesses to respond to.").

As to the second factor, because the parties are on the eve of trial, Defendants have a diminished ability to cure the prejudice they have suffered as a result of Plaintiff's last-minute tactics. Nor would a postponement of the trial date be appropriate, as Defendants credibly argue that "[w]ere the trial continued, it would necessitate redoing the witness preparation again and will have rendered all the City's employees' work done with respect to scheduling a waste of time." Doc. 311 at 4.

As to the third factor, Plaintiff's failure to comply with Rule 26(a)(3)(A)(iii)—and the ensuing motion seeking judicial notice of exhibits that should have been listed on a properly filed final pretrial order but, due to Attorney Frederick's choices, were not—has disrupted the court's and Defendants' preparation for trial. (For example, instead of preparing for *voir dire* and digging into the jury instructions, the court has spent the bulk of the 48 hours before trial drafting

9

and editing this opinion—an opinion that rules on a motion that would not have been necessary had Attorney Frederick simply done her job as an attorney and cooperated in preparing a joint final pretrial order.)

As to the fourth factor, Plaintiff's failure to comply with Rule 26(a)(3)(A)(iii) was willful. To recapitulate what the court has already set forth in great detail, both in writing and at hearings: The parties agreed on August 2 that Attorney Frederick, by August 24, would provide Defendants' counsel with Plaintiff's materials for the final pretrial order. Doc. 292-1 at 3-4. On August 23, having heard nothing from Attorney Frederick, Defendants' counsel sent Plaintiff's counsel a reminder email. *Id*. at 2. On August 24, the date she was supposed to provide Defendants' counsel with her materials, Attorney Frederick emailed Defendants' counsel to say, without elaboration or any expression of regret, that she would "need a few more days to submit our materials." *Id*. at 1. Attorney Frederick sent that email from Portugal, where she remained for the rest of August. And then Attorney Frederick told the court in an August 31 filing that "the prosecution team would prefer to wait until the Court has ruled on the MILs before completing the preparation of the Joint Pre-Trail [sic] Order." Doc. 293 at 2. It should go without saying that a lawyer's preference to not follow the rules and the court's schedule does not excuse noncompliance with the rules and the court's schedule. Attorney Frederick later added that she disregarded Local Rule 16.1's meet-and-confer requirements because, in her view, they are "a mere formality" that "would have changed nothing." Doc. 305 at 34 n.1. So, Attorney Frederick knew about her obligations to jointly prepare the final pretrial order—which, had she complied with Local Rule 16.1(6) and (10), would have listed Plaintiff's exhibits and any objections thereto, which in turn would have allowed the court to process this case for trial in the manner contemplated by Civil Rule 26(a)(3)(A)(iii) and (B) and by the local rules—and

10

deliberately refused to comply with them. This willfulness weighs against a harmlessness finding under Rule 37(c)(1).

Finally, prejudice to the court may be considered in the harmlessness analysis. *See Salgado*, 150 F.3d at 742 ("[T]he court has a right, independent of the parties, to conduct trial preparation in a manner that husbands appropriately the scarce judicial resources of that busy district."). As explained at the September 20 hearing, the court has been prejudiced by Plaintiff's failure to comply with applicable rules. Doc. 316 at 17-18, 22-23. For example, having the parties submit one single pretrial order not only focuses the parties' attention on areas of agreement and disagreement as well as the grounds for disagreement, but also clearly identifies the same for the court in a single document. Doc. 316 at 18-21. Given the many demands on the court's time, the court has also been prejudiced by Plaintiff's failure to comply with deadlines and his filing of lengthy motions in the days before trial whose clear object is to circumvent or otherwise thwart the court's earlier rulings. The burdens on the court's time would undoubtedly be diminished if the court simply denied Plaintiff's motions out of hand, or if the court had heeded Defendants' multiple requests to dismiss this suit due to Attorney Frederick's disregard of her responsibilities. Docs. 292, 311, 321. Instead, the court has and continues to carefully consider Plaintiff's motions notwithstanding Attorney Frederick's repeated and serious failures.

In sum, Plaintiff failed to comply with Rule 26(a)(3)(A)(iii), the failure is not excusable under Rule 37(c)(1), and therefore "[t]he sanction of exclusion is … automatic and mandatory." *Finley*, 75 F.3d at 1230. And Evidence Rule 201 does not provide a means to avoid the consequences of that failure. *See AGA & Titan Inc.*, 2022 WL 3573918, at *2.

*Third*, Plaintiff's motion fails on the merits under Evidence Rule 201 itself.

11

Exhibit A. Plaintiff asks the court to take judicial notice of an entire judicial opinion, *Abreu v. City of Chicago*, 2022 WL 1487583 (N.D. Ill. May 10, 2022). Doc. 305 at 1, 14-17. To be sure, a court can take judicial notice of judicial decisions in certain contexts and for certain purposes. *See Consolidation Coal Co. v. United Mine Workers of Am., Dist. 12, Loc. Union 1545*, 213 F.3d 404, 407 (7th Cir. 2000) ("[The decisions of other arbitrators] were the arbitral equivalents of judicial decisions, of which, of course, a court can take judicial notice."). But the Seventh Circuit has explained "that courts generally cannot take notice of findings of fact from other proceedings for the truth asserted therein because these findings are disputable and usually are disputed." *Gen. Elec. Cap. Corp.*, 128 F.3d at 1082 n.6. Moreover, *Abreu* is a summary judgment decision, and a court deciding a summary judgment motion construes facts and draws all reasonable inferences in favor of the non-movant and does not vouch for the truth of those facts. *See Gates v. Bd. of Educ. of Chi.*, 916 F.3d 631, 633 (7th Cir. 2019). It therefore would be inappropriate, and confusing to the jury, to instruct the jury that it must accept as true every "fact" in the *Abreu* opinion.

Implicitly recognizing the point, Plaintiff says that "*Abreu* contains Defendants' admissions" and "references the EEOC procedures and the [City of Chicago Office of Inspector General ('OIG')] reports" Plaintiff wishes to deploy at trial. As an initial matter, Plaintiff does not explain how EEOC procedures and OIG reports are themselves "facts" of which this court may take judicial notice. In any event, what Plaintiff in fact seeks to deploy is not the *Abreu* opinion itself, but the EEOC procedures and OIG reports referenced in the opinion. But what sense would it make to introduce, by judicial notice or otherwise, the EEOC procedures and OIG reports *through the vehicle of a judicial opinion*? Plaintiff does not say, and the court cannot tell. And Plaintiff does not specify which "admissions" from *Abreu* he seeks to use, so the court

cannot determine whether those "admissions" are qualifying facts under Evidence Rule 201, whether they are relevant to Plaintiff's claims, whether they are encompassed in exhibits that should have been disclosed under Civil Rule 26(a)(3)(A)(iii) and Local Rule 16.1(10)(b), and whether they are subject to exclusion under other Evidence Rules, including Rules 403 and 404.

Exhibits B, C, D, and E. Plaintiff asks the court to take judicial notice of excerpts and holdings from *Frey v. Coleman*, 141 F. Supp. 3d 873, 880 (N.D. Ill. 2015); *Vance v. Ball State Univ.*, 646 F.3d 461, 469 (7th Cir. 2011), *aff'd*, 570 U.S. 421 (2013); *Gates*, 916 F.3d at 638-39; and *Green v. Franklin Nat'l Bank of Minneapolis*, 459 F.3d 903, 911 (8th Cir. 2006). Doc. 305 at 1-2, 17-19. The court acknowledges the existence and holdings of these cases—holdings that are principles of law and not adjudicative facts within the meaning of Evidence Rule 201. Indeed, the court cited many in its summary judgment opinion in this case. Doc. 262 at 26, 28, 32 (citing *Vance*); *id*. at 2, 26-27, 29 (citing *Gates*); *id*. at 27 (citing *Green*). But Plaintiff has not identified any specific adjudicative facts in these cases which would warrant and qualify for judicial notice. And, again, what sense would it make to read judicial opinions to the jury, let alone instruct the jury that they are to accept those judicial opinions as fact? To the extent that those opinions cast light on applicable law, the court surely will consider them—and any other applicable precedents—in preparing the jury instructions.

Exhibit F. Plaintiff asks the court to take judicial notice of pages 27-29 of its summary judgment opinion in this case. Doc. 305 at 2, 19. But its summary judgment opinion set forth the facts "as favorably to [Plaintiff] as the record and Local Rule 56.1 permit[ted]," and the court "d[id] not vouch for them." *Id*. at 2. Plaintiff has not identified any facts in the cited pages that qualify for judicial notice. And, once again, it would make no sense to read the court's summary judgment opinion to the jury.

<u>Exhibits G and H</u>.  Plaintiff asks the court to take judicial notice of the Chicago OIG's reports from the second and third quarters of 2017.  Doc. 305 at 2, 19-22.  Rule 201 allows for the judicial notice of "adjudicative fact[s] only," Fed. R. Evid. 201(a), and the content of an entire report is not an adjudicative fact within the meaning of Rule 201 in the context of a jury trial.  *Cf. Jones v. Graphic Arts Finishing Co.*, 2012 WL 10131038, at *2 (N.D. Ill. Jan. 13, 2012) (holding that "taking notice of the entire report is likely to mislead the jury").  Plaintiff does point to one report's statement that "an OIG investigation found egregious, offensive racist and sexist emails distributed by and among employees of the Department of Water Management (DWM) that extended to senior levels of department management and that suggested the existence of an unrestricted culture of overtly racist and sexist behavior and attitudes within the department."  Doc. 305 at 20 (emphasis omitted).  Even assuming this is a fact so indisputable that it qualifies for judicial notice, it does not explicitly avert to Robert Mussen—the sole individual defendant, and the person on whose alleged actions Defendant City of Chicago's alleged liability is predicated at trial—so the court cannot adequately assess that fact's admissibility, including under Evidence Rules 401, 403, and 404(b).

In any event, Plaintiff ignores the fact that the court's ruling on Defendants' timely filed motions *in limine* has already delineated the circumstances and ways in which he may use the OIG reports at trial.  Doc. 308 at 5.  Plaintiff's belated suggestion that the OIG reports (and statements therein) fall within various hearsay exceptions, Doc. 305 at 20, should have been raised in his timely response to Defendants' motions *in limine*, but was not.  Doc. 289 at 16 ("Plaintiff is still finalizing the trial strategy.  Should Plaintiff decide to use the … OIG reports, as evidence in trial, Plaintiff will submit a proper motion to the Court citing to the relevant admissibility criteria."); *id*. at 17 ("Plaintiff can use the [OIG] reports for purposes other than the

14

truth of matter asserted or call the authors of the reports to testify, or for impeachment purposes. Plaintiff will elaborate in his forthcoming Motions *In Limine*."). The argument is therefore forfeited. *See United States v. Sowemimo*, 335 F.3d 567, 571 (7th Cir. 2003) (discussing forfeiture where a party "fail[s] to raise [an] argument in a timely manner").

Exhibits I, J, K, and L. Plaintiff asks the court to take judicial notice of four right-to-sue letters. Doc. 305 at 2, 22-24. As explained, the court must take judicial notice of particular facts, and Plaintiff does not say which facts about or within the letters ought to be judicially noticed. Plaintiff argues that the letters are relevant because they "represent the best proof that [his work] environment was *objectively* hostile." *Id*. at 23. But three of the letters explicitly state: "This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious." Docs. 306-5, 306-6, 306-7. And the fourth indicates that the EEOC "is terminating its processing of [Plaintiff's] charge" and "closing [his] case" and does not opine on the merits of his claims. Doc. 306-8.

Exhibits M and N. Plaintiff asks the court to take judicial notice of the City's Equal Employment Policies and Practices documents issued in 2013 and 2019. Doc. 305 at 2, 24-25. Plaintiff does not identify specific facts that qualify for judicial notice. That said, Defendants note that that one of those documents is on their timely filed exhibit list. Doc. 312 at 5; *see also* Doc. 291 at 6. Because Defendants argue that the 2019 policy is irrelevant, the court assumes that the 2013 policy is on Defendants' exhibit list, and, as the court has already held, Plaintiff can make appropriate use of that policy at trial. Doc. 303 at 10-11. As to later policies, the court's ruling on Defendants' sixth motion *in limine* left open the possibility that Plaintiff may point to potential permissible uses of such policies. Doc. 308 at 4-5.

15

Exhibit O. Plaintiff asks the court to take judicial notice of the record of a Cook County criminal case against him. Doc. 305 at 2, 25-27. Plaintiff argues that "[t]he record of the false criminal charges pressed against [him] by one of his supervisors at the DWM, as well as the fact that the Defendant City did not take any action to discipline the supervisor for the false report, are direct evidence of hostile work environment." *Id*. at 26. To the extent Plaintiff wishes the court to take judicial notice of the allegedly false nature of the case against him and/or the City's lack of responsive action, the exhibit Plaintiff tenders is a case summary that does not establish either "fact." Doc. 306-11. Specifically, the summary shows a disposition of "Nolle Prosequi" but does not indicate that the charges were "false" or illuminate the circumstances surrounding the underlying events. *See Barnes v. City of Centralia*, 943 F.3d 826, 834 (7th Cir. 2019) ("Barnes has not submitted evidence as to why the prosecutor entered the *nolle prosequi* order. Given this, 'we cannot presume that the charges were dismissed without prejudice because plaintiff was innocent.'") (quoting *Filimoniuk v. Nilles*, 2019 IL App (1st) 173198-U, ¶ 33). Moreover, Plaintiff has not established the criminal case's relevance to his claims—which, as noted, turn on Mussen's conduct—because Plaintiff does not suggest that Mussen was involved in the initiation of those criminal proceedings.

Exhibits P, Q, and R. Plaintiff asks the court to take judicial notice of seven newspaper articles and a photograph in one of the articles. Doc. 2-3, 27-31. The court's ruling on Defendants' fifth motion *in limine* sets the ground rules for deciding whether those articles are admissible. Doc. 308 at 4. As explained, Evidence Rule 201 does not trump that ruling.

Exhibit S. Plaintiff asks the court to take judicial notice of his "employment record, including disciplinary proceedings, promotions, and applications for promotions." Doc. 305 at 3, 31-32. The request is meritless. Judicial notice of the employment record as a whole is not

16

appropriate. Moreover, Plaintiff has not shown that the particular facts he references both qualify for judicial notice and are relevant to the claims that survived summary judgment. And Plaintiff does not attach the record or relevant portions thereof to his motion. Plaintiff can, of course, offer testimony about employment-related events within his personal knowledge. *See* Fed. R. Evid. 602.

Exhibit T. Plaintiff asks the court to take judicial notice of a "Do Not Drink the Water" notice at the Lexington Pumping Station from July 17, 2017. Doc. 305 at 3, 32-33. (Plaintiff also attaches to his motion a "Rescind Notice" dated July 21, 2017, Doc. 306-20, but develops no argument about why that document or facts therein are subject to judicial notice.) Even assuming that the notice is otherwise a proper subject of judicial notice, Plaintiff does not show its relevance. He asserts that the notice "is relevant because it was generated in consequence of an incident that Defendant Mussen was responsible for; Defendant Mussen excluded Mr. Outley from the meeting called to give the work order, when Mr. Outley[,] by virtue of his title and work responsibilities, was supposed to participate in the meeting; Mr. Outley did not receive the Notice and was exposed - by the City - to the risk of drinking water contaminated with a cancer causing agent; in addition the Black and Brown populations that might have been affected by the spillage was not notified." Doc. 305 at 32-33. Mussen's alleged exclusion of Plaintiff from the meeting might be relevant to Plaintiff's hostile work environment claim. But the notice at issue says nothing about that alleged exclusion, Mussen's motivation for it, or any intent by Mussen to prevent Plaintiff from learning about the notice. Doc. 306-19.

## Conclusion

For the three independent reasons stated above, Plaintiff's motion to take judicial notice is denied. A brief word before concluding. Plaintiff's case has been severely damaged by Attorney Frederick's many failures to do what she needed to do to properly represent him, and

the evidentiary pickle in which he finds himself rests entirely on her shoulders. But as the Seventh Circuit regularly recognizes in analogous circumstances, although Plaintiff must bear the consequences of Attorney Frederick's subpar representation of him in *this* suit, he is entitled to at least seek redress from her in a malpractice suit, should he have the occasion and desire to bring one. *See Black v. Wrigley*, 997 F.3d 702, 712-13 (7th Cir. 2021); *Choice Hotels Int'l, Inc. v. Grover*, 792 F.3d 754 (7th Cir. 2015); *Sheikh v. Grant Reg'l Health Ctr.*, 769 F.3d 549, 552 (7th Cir. 2014); *Aurora Loan Servs., Inc. v. Craddieth*, 442 F.3d 1018, 1028 (7th Cir. 2006).

September 23, 2022

United States District Judge