UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL OUTLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 17-cv-08633 |
| v. ) | Judge Sharon Johnson Coleman |
| ) | |
| CITY OF CHICAGO, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

This case, being reassigned from Judge Feinerman, comes before the Court on Plaintiff Michael Outley's motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). In the middle of jury trial, Judge Feinerman granted Defendants Robert Mussen and the City of Chicago's motion for mistrial and subsequently dismissed the case with prejudice and sanctioned Plaintiff's counsel Calvita Frederick for her conduct [344]. Attorney Frederick filed this motion[1] to alter or amend the judgment. For the following reasons, Plaintiff's motion [352] is denied.

**Background**

The Court will not recount the entire history of this action as the December 30, 2022 Memorandum Opinion and Order accurately summarizes the events leading up to the case's dismissal. (*See* Dkt. 344.)

In relevant part, Plaintiff brought this action against the City of Chicago and three Department of Water Management officials on various grounds. After Plaintiff's causes of action were narrowed by Defendants' motions to dismiss and motions for summary judgment, the case was set for trial. As described by Judge Feinerman, "[i]t would be a substantial understatement to say

---

[1] Attorney Frederick later sought leave to withdraw from the case upon the request of her client, which this Court granted. (Dkt. 358.)

that things did not go smoothly [at trial]." (*Id.*, at 2.) Ultimately, Defendants' second motion for mistrial was granted on the grounds that Attorney Frederick violated the Court's *in limine* evidentiary rulings and made references to dismissed claims, which together prejudiced Defendants in an uncurable manner. (Dkt. 339.)

Thereafter, the Court ordered Attorney Frederick to show cause why she should not be sanctioned for her conduct and the action dismissed with prejudice. Once briefed, Judge Feinerman issued a 41-page opinion dismissing the matter with prejudice, publicly reprimanding Attorney Frederick for her improper conduct, and referring her to the Executive Committee for potential discipline. (Dkt. 334.) Twenty-eight days later, at 11:28 p.m., Attorney Frederick moved for leave to file a 108-page brief in support of a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). She did not separately file the Rule 59(e) motion but attached the proposed 108-page brief as an exhibit to the motion for excess pages. Due to Judge Feinerman's unrelated departure from the bench, the Executive Committee transferred Plaintiff's case before Judge Coleman three days later. This Court denied the motion but permitted Plaintiff to file a 50-page brief, which Plaintiff ultimately filed 47 days after entry of judgment.

**Discussion**

The Court must first determine whether Plaintiff's motion is timely. Plaintiff characterizes his filing as a motion to alter or amend the judgment under Rule 59(e). That rule comes with a strict filing deadline—"28 days from entry of judgment, with no possibility of an extension." *Banister v. Davis*, 140 S. Ct. 1698, 1703, 207 L. Ed. 2d 58 (2020) (citing Fed. R. Civ. P. 6(b)(2)). When a party files a Rule 59(e) motion more than 28 days after entry of judgment, the Court will treat it as a Rule 60(b) motion. *Barnett v. Raoul*, 844 F. App'x 916, 918 (7th Cir. 2021), *cert. denied*, 142 S. Ct. 844 (2022).

Because Attorney Frederick filed the 50-page motion 47 days after entry of judgment, it is an untimely Rule 59(e) motion. Plaintiff's motion for leave to file an oversized brief (filed on the 28th day after entry of judgment) did not toll the filing deadline under Rule 59(e). Plaintiff cannot backdate the Rule 59(e) motion to the date of his motion for excess pages. *See Beers v. Werlich*, No. 19-cv-606-NJR, 2020 WL 3962251, at *2 (S.D. Ill. July 13, 2020) (holding that an improperly filed Rule 59(e) motion cannot serve as a placeholder for a subsequently amended motion). Further, the Court did not extend the filing deadline by permitting Plaintiff to file a 50-page brief more than 28 days after the entry of judgment. Even if the Court intended to extend the deadline, it did not possess the power to do so. *See* Fed. R. Civ. P. 6(b)(2) ("A court must not extend the time to act under Rules … 59(b), (d), and (e)[.]"); *Banks v. Chicago Bd. of Educ.*, 750 F.3d 663, 666 (7th Cir. 2014) (citation omitted) ("Courts may not extend the time limit imposed by Rule 59(e).").

The Court therefore construes Plaintiff's untimely Rule 59(e) motion as a Rule 60(b) motion. *See Barnett*, 844 F. App'x at 918. Under Rule 60(b), the Court may grant relief for the following reasons: (1) "mistake, inadvertence, surprise, or excusable neglect"; (2) newly discovered evidence; (3) "fraud [ ], misrepresentation, or misconduct by an opposing party"; (4) "the judgment is void"; (5) the judgment has been satisfied, is based on a vacated or reversed judgment, or applying the judgment is no longer equitable; or (6) "any other reason that justifies relief." Fed. R. Civ. P. 60(b).

First, Plaintiff primarily contends that the Court improperly dismissed the action because the rulings on Plaintiff's motions leading up to and during trial were incorrect. These claims fall under subsection (b)(1), which "covers all mistakes of law made by a judge." *Kemp v. United States*, 142 S. Ct. 1856, 1862, 213 L. Ed. 2d 90 (2022). Motions brought under Rule 60(b)(1) do not bear the same restrictive filing deadline as Rule 59(e) motions—parties must bring them within a "reasonable" timeframe, which cannot exceed one year after the entry of judgment. Fed. R. Civ. P. 60(c)(1). However, to prevent litigants from using Rule 60(b) to circumvent appeal filing deadlines, the

3

Seventh Circuit has continued to hold that "[t]he ground for setting aside a judgment under Rule 60(b) must be something that could not have been used to obtain a reversal by means of direct appeal." *Blitch v. United States*, 39 F.4th 827, 834 (7th Cir. 2022) (quoting *Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000)). As a result, "a Rule 60(b) motion filed after the time to appeal has run that seeks to remedy errors that are correctable on appeal will typically not be filed within a reasonable time." *Id.* (quoting *Mendez v. Republic Bank*, 725 F.3d 651, 660 (7th Cir. 2013)). In a civil case such as this, notice of appeal must be filed within 30 days after entry of judgment. Fed. R. App. P. 4(a)(1)(A). Because these issues would be best addressed in a direct appeal (which Plaintiff did not file), the Court finds they are improperly and untimely raised in Plaintiff's Rule 60(b)(1) motion, which was filed after the deadline to appeal.

Plaintiff also alleges that Defendants engaged in misconduct by making late disclosures of witness declarations on the eve of trial. The Court construes these claims under Rule 60(b)(3), which allows relief from final judgment in the event of fraud, misrepresentation, or misconduct by an opposing party. "A party seeking relief under that provision must demonstrate by clear and convincing evidence that: (1) the party maintained a meritorious claim at trial; and (2) because of the fraud, misrepresentation or misconduct of the adverse party; (3) the party was prevented from fully and fairly presenting its case at trial." *Fields v. City of Chicago*, 981 F.3d 534, 558 (7th Cir. 2020). Even where fraud or misconduct is shown, it is "actionable only if it prejudices the adverse party." *Wickens v. Shell Oil Co.*, 620 F.3d 747, 759 (7th Cir. 2010) (citation omitted).

Plaintiff has not shown by clear and convincing evidence that Defendants engaged in misconduct that prejudiced Plaintiff. As the Court previously ruled, the Defendants' disclosures were not "late" given that Defendants tendered the declarations to Attorney Frederick the date they were created. In addition, the timing of the disclosures did not prejudice Plaintiff by preventing him from deposing the witnesses. Attorney Frederick previously declined to depose the witnesses during

4

discovery as she "didn't think it was necessary." (Dkt. 344, at 11.) Rather, the creation and disclosure of the declarations actually benefitted Plaintiff by giving him a preview of the witnesses' expected testimony. Therefore, Plaintiff's motion for relief under Rule 60(b)(3) is denied.

Finally, Plaintiff (through Attorney Frederick) accuses Judge Feinerman of improper bias. The Court analyzes this argument under Rule 60(b)(6), which permits relief from a judgment "upon such terms that are just" in "extraordinary circumstances." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863–64, 108 S. Ct. 2194 (1988). In sum, Attorney Frederick alleges that Judge Feinerman's rulings against her and her client were not impartial. (*See* Dkt. 352, at 39.) She contends that the Court colluded with defense counsel to falsely accuse Attorney Frederick of misconduct to create a justifiable basis for the exclusion of Plaintiff's evidence at trial and the dismissal the case. (*Id.*) Attorney Frederick maintains that Judge Feinerman's partiality is clear from his rulings, essentially contending that no impartial judge could have ruled against her. This is insufficient to sustain a claim for judicial misconduct. "Bias must be proven by compelling evidence, and it must be grounded in some form of personal animus that the judge harbors against the litigant." *United States v. Barr*, 960 F.3d 906, 920 (7th Cir. 2020) (citation omitted). Further, "judicial rulings alone are almost never a valid basis for a recusal motion." *Id.* (citing *Liteky v. United States*, 510 U.S. 540, 555, 114 S. Ct. 1147 (1994)). Attorney Frederick's accusations of bias fall flat, and the Court rejects any request for relief from judgment on this basis.

For these reasons, the Court construes Plaintiff's motion under Rule 60(b) and denies the motion. It should be noted that this may seem like an unsatisfying end to the litigation for Mr. Outley, particularly when he has now fired the attorney whose actions are at issue here. (*See* Dkt. 356.) But it is a principle of our system that a "lawyer's errors are attributed to the client … Were the principal not responsible for his agent's efforts, litigation would be even more chaotic than it is." *Sheikh v. Grant Reg'l Health Ctr.*, 769 F.3d 549, 552 (7th Cir. 2014). Just as it is Plaintiff's choice

whether to retain or release counsel, it is now up to him to consider whether he has remedies available apart from this litigation.

IT IS SO ORDERED.

Date: 5/19/2023

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge